SHEDD, Circuit Judge,
concurring in part and dissenting in part:
I concur in the majority’s conclusion that Gomez-Villatoro makes no meritorious claim based on fear of religious persecution, but I dissent from the majority’s holding regarding asylum based on membership in a particular social group. In my view, Gomez-Villatoro has waived her social group asylum claim in relation to the gang’s effort to extort money from her father and brother by failing to raise the claim in her opening brief.
Although the majority excuses the waiver under the miscarriage of justice standard, I disagree because I do not think this case is the “rare circumstance” where a miscarriage of justice would result. A Helping Hand, LLC, v. Balt. Cty., 515 F.3d 356, 369 (4th Cir. 2008); see also Suarez-Valenzuela v. Holder, 714 F.3d 241, 249 (4th Cir. 2013). Gomez-Villatoro *253 did not explain why she failed to raise this argument earlier or why a miscarriage of justice would result if we did not address it. Further, any error below was not “plain”; Gomez-Villatoro’s own testimony before the IJ indicates that she did not face a well-founded fear of future persecution. After the death of her father, Gomez-Villatoro was in Honduras and was not killed despite MS-13’s threats. A.R. 97-98. Moreover, when the IJ asked Gomez-Villa-toro if she would be killed if she returned to Honduras and did not pay the war tax, Gomez-Villatoro answered “No.” A.R. 98. If this does not legally foreclose her claim, it certainly means there has been no miscarriage of justice in this case. These cases often suggest difficult circumstances for those seeking protection under our law, but here the immigration process worked fairly.